**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**CARL TAYLOR, JR**,

**Plaintiff,**

**v.** **Case No. 4:26-cv-256-TKW-MJF**

**TERRY L. RHODES.**

**Defendant**.
__________________________________/

# ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 13) and Plaintiff's objection (Doc. 14). Upon de novo review of the issues raised in the objection, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to truthfully disclose his litigation history. *See McNair v. Johnson*, 141 F.4th 1301, 1308 (11th Cir. 2025).

The Court did not overlook Plaintiff's assertion that he "used all the information about [his] prior cases [that he] had." However, even if that is true, it is not an adequate excuse because prisoners are responsible for keeping at least a list of the case numbers for their prior suits, and if they fail to keep that information, they can (and should) request it from the appropriate clerks of court before filing a new suit. *See Torres v. Geo Grp. Inc.*, 2021 WL 75764, at *1 (N.D. Fla. Jan. 8,

2021). Moreover, the case that Plaintiff failed to disclose should have still been fresh in his mind because it was filed in February 2025 and dismissed less than six months before this case was filed in May 2026.

The Court also did not overlook Plaintiff's request that he be allowed to "correct the problem" identified by the magistrate judge. However, if Plaintiff was allowed to amend his complaint at this point to list the case that he failed to disclose, that "would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020); *see also See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Accordingly, it is ORDERED that:

1. The Report and Recommendation is adopted and incorporated by reference into this Order.

2. This case is DISMISSED without prejudice under the Court's inherent authority based on Plaintiff's failure to truthfully disclose his litigation history.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 4th day of September, 2026.

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**